IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 10-296-GMS |
| ) | Del. No. 0911004250 |
| SHARIF MOZAAR MUSTAFA EL BEY ) | |
| a/k/a Alton Cannon, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

## I. INTRODUCTION

On April 12, 2010, the plaintiff, Sharif Mozaar Mustafa El Bey, also known as Alton Cannon ("Cannon"), filed a notice of removal from the Delaware Court of Common Pleas. (D.I. 2.) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. For the reasons discussed below, the court will summarily remand the case to State Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Cannon filed a notice of removal pursuant to 28 U.S.C. § 1446 and Fed. R. Evid. 201(b), 404(b), 802 and 803. (D.I. 2.) Exhibits attached to the notice of removal include a "Bond/Order to Appear" for arraignment In the Court of the Justices of the Peace of the State of Delaware in and for New Castle County on December 11, 2009, and a subpoena for trial in Case No. 0911004250. Two charges were filed against Cannon: noncompliance with a bond in violation of 11 Del. C. § 2113 and open container violation of City of Wilmington Code ch. 36, art. III, § 36-66(a). A second exhibit is a "Notice to Appear, Court of Common Pleas" on May 10, 2010, at 8:30 for a NJT (i.e., nonjury trial).

As grounds for removal, Cannon states that 11 Del. C. § 2113 is unconstitutional on its face or as administered against victim/witness/public-at-large. Section 2113 provides for the penalties for noncompliance with conditions of recognizance, bond or conditions. The notice contains a litany of reasons why Cannon believes removal is appropriate including, but not limited to, that he has no adequate remedy at law to challenge the constitutionality of the law, he did not receive an arraignment or preliminary haring, he did not receive a copy of the complaint, and the State Court does not have jurisdiction.

### III. STANDARD OF REVIEW.

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

### IV. DISCUSSION

This case has been removed pursuant to 28 U.S.C. § 1446 and Rules 201(b), 403, and 404(b) of the Federal Rules of Evidence. Under § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1446(c)(2). A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. 1446(c)(4). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. *Id.* Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not

later than thirty days after the arraignment in the State Court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants.

It is clear from the record that the arraignment occurred on December 11, 2009. Cannon, however, did not remove this matter until April 12, 2010, some four months later, and long after the thirty day deadline set forth in § 1446(c)(1). Cannon's failure to timely file his notice of removal renders the removal procedurally defective. Additionally, the court finds that Cannon has not shown good cause for his failure to timely remove the cases.

## V. CONCLUSION

For the above reasons the court will court summarily remand the case to State court. An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

May 21, 2010
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-296-GMS |
| | ) Del. No. 0911004250 |
| SHARIF MOZAAR MUSTAFA EL BEY | ) |
| a/k/a Alton Cannon, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 21st day of May, 2010, for the reasons set forth in the Memorandum issued this date;

The case is **summarily remanded** to the Delaware Court of Common Pleas.

_____
CHIEF, UNITED STATES DISTRICT JUDGE